UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                 In the Matter                   :       Chapter 7

                     -of-                              :       Case. No. 21-10699 (DSJ)

                  KOSSOFF PLLC,             :

                                              Debtor.     :

------------------------------------------------------------X

ALBERT TOGUT, Not Individually but Solely,   :
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,                             :
                                                Plaintiff,    :      Adv. Pro. No. 22-01113 (DSJ)

                                                   v.             :

VNB NEW YORK LLC,                                         :
VALLEY NATIONAL BANK,                            :
MITCHELL H. KOSSOFF, and                  :
PAMELA KOSSOFF, in her capacity as Executor   :
of the Estate of Phyllis Kossoff,                       :

                                          Defendants.       :

------------------------------------------------------------X

**Appearances**

Neil Berger, Esq., Jared C. Borriello, Esq.,
John C. Gallego, Esq., Togut Segal & Segal LLP,
New York, NY, for the Chapter 7 Trustee.

Mitchell H. Kossoff, *pro se*

## ORDER DENYING MOTION TO RECONSIDER

HON. DAVID S. JONES, UNITED STATES BANKRUPTCY JUDGE

*Pro se* defendant Mitchell Kossoff moves for reconsideration of the Court's denial of his earlier motion for judgment on the pleadings. For reasons explained below, the reconsideration motion is denied as untimely, and for lack of merit.

## BACKGROUND

This case arises from the involuntary Chapter 7 bankruptcy of a law firm, Kossoff PLLC, from which then-attorney Mitchell Kossoff misappropriated millions of dollars in client funds. Mitchell Kossoff pled guilty to criminal charges and is now incarcerated. Albert Togut was appointed Chapter 7 Trustee in the Kossoff PLLC bankruptcy, and is attempting to recover estate assets to at least partly compensate the firm's creditors, including the victims of Mitchell Kossoff's criminal actions.

On June 29, 2022, the Chapter 7 Trustee filed an adversary complaint alleging, among other things, that the Debtor, Kossoff PLLC (the "Debtor"), made fraudulent transfers by taking out a loan from Valley National Bank ("VNB") and then immediately directing or transferring the borrowed funds to an entity called Burton Packaging ("Burton") to repay a separate loan that VNB had earlier made to Burton, which defendants Mitchell H. Kossoff ("Kossoff") and Phyllis Kossoff (collectively, the "Kossoff Defendants") had personally guaranteed. [ECF No. 1]. The Trustee contends such transfers constitute fraudulent transfers for the benefit of the Kossoff Defendants by eliminating their personal obligations on a debt while providing no benefit to the Debtor. The Trustee seeks to recover from the Kossoff Defendants the value of the payments that the Debtor allegedly fraudulently transferred to VNB for their benefit.

On January 6, 2023, Kossoff filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking to dismiss the Trustee's complaint as to the Kossoff Defendants (the

2

"Rule 12(c) Motion"). [ECF No. 38]. Kossoff argued that Burton was the direct transferee and the guarantees that the Kossoff Defendants had provided ran in favor of VNB. For these reasons, Kossoff maintained that neither he nor his late mother can be considered beneficiaries of the alleged fraudulent transfers within the meaning of 11 U.S.C. § 550(a)(1). Kossoff also argued that the Trustee's fraudulent transfer claims relating to transfers in early 2015 are time-barred because the Trustee cannot use the IRS as the triggering creditor. Lastly, Kossoff argued that the Trustee's unjust enrichment claim is impermissible because of the existence of a binding contract that governs the benefit the Kossoff Defendants received from being relieved of their guarantor liability. On January 18, 2023, the Trustee filed its opposition to Kossoff's Rule 12(c) Motion. [ECF No. 32]. On February 7, 2023, Kossoff filed his Reply. [ECF No. 40].

On February 15, 2023, the Court held a hearing on the Rule 12(c) Motion at which Kossoff and the Trustee's counsel appeared. Among other things, the Trustee identified allegations in his complaint that the loan funds were in fact transferred directly to VNB and credited against the Burton loan that the Kossoff Defendants had guaranteed, thus directly benefitting the Kossoff Defendants without providing any benefit to the Debtor. After hearing oral argument, the Court orally ruled that under the standard governing Rule 12(c) motions[1] the Trustee's complaint plausibly stated a claim on which relief may be granted, such that Kossoff's Rule 12(c) Motion must be denied. The Court also denied Kossoff's Rule 12(c) Motion to dismiss the Trustee's claim for unjust enrichment, ruling that that claim is permissibly raised as an alternative form of relief. [*See* ECF No. 44, February 15, 2023 Hearing Transcript (the "Hrng Tr.")]. On February 16, 2023,

---

[1] "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. In each case, the court must 'accept[] as true the complaint's factual allegations and draw[] all inferences in the plaintiff's favor.'" *Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006).

3

the Court entered an Order denying Kossoff's Rule 12(c) Motion (the "February 16 Order"). [ECF No. 39].

On March 20, 2023, Kossoff filed a motion to reconsider the February 16 Order (the "Motion to Reconsider"). [ECF No. 48]. On March 28, 2023, the Court held a hearing on a number of Debtor-related matters and also heard arguments from Kossoff and the Trustee on the Motion to Reconsider. The Court stated, "I'm going to review your papers more carefully than I have yet in light of the comments that you made and the trustee made. And . . . if I determine that the motion clearly, to my mind . . . should be denied, then I may enter an order of denial on the motion without requiring further submission of briefing or argument at all. [ECF No. 54, March 28, 2023 Hearing Transcript (the "Mar. 28 Hrng. Tr.") at 35:16-22].

Having determined that no further briefing is required, and for the reasons set forth below, the Motion to Reconsider is denied.

## DISCUSSION

**A. Kossoff's Motion to Reconsider Is Denied Under FRCP 59(e)/FRBP 9023**

Kossoff moves for reconsideration of the February 16 Order pursuant to Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a). Bankruptcy Rule 9023 incorporates Fed. R. Civ. P. 59 and provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment." Local Bankruptcy Rule 9023-1(a) states:

> A motion for reargument of a court order determining a motion shall be served within 14 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 14 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

4

During the February 15 hearing, which was conducted by video conference, the Court denied Kossoff's Rule 12(c) Motion. [*See* Hrng. Tr. at 43:1-3]. Kossoff participated in that hearing and thus was immediately aware of the Court's oral ruling. The order effectuating that ruling was entered on February 16, 2023. [ECF No. 39]. Kossoff's Motion to Reconsider was filed on March 20, 2023, which is 18 days beyond the 14 days allotted by Bankruptcy Rule 9023. Kossoff asked the Court to accept his late Motion to Reconsider on the ground of excusable neglect. The Court, however, is precluded from doing so pursuant to Bankruptcy Rule 9006(b)(2) ("The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024"). Accordingly, Kossoff's Motion to Reconsider pursuant to Rule 9023 is denied as untimely.

Even if reconsideration of the February 16 Order were not time-barred under Bankruptcy Rule 9023, the Court would deny reconsideration on the merits. Motions to reconsider under Bankruptcy Rule 9023 "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The Second Circuit has held that the "standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "will not be granted if the party is merely seeking to relitigate the issue already decided by the court." *Byrne v. Liquid Asphalt Sys., Inc.*, 250 F. Supp. 2d 84, 88 (E.D.N.Y. 2003).

Kossoff claims that the Court overlooked controlling and dispositive appellate precedent when it denied his Rule 12(c) Motion, namely *Bonded Fin. Servs., Inc. v. Eur. Am. Bank*, 838 F.2d

5

890 (7th Cir. 1988), and *In re Bullion Reserve of North America*, 922 F.2d 544 (9th Cir. 1991). Kossoff also claims that the Court failed to address his statute of limitations argument which required "at the very least a partial pruning of the Trustee's unjust enrichment claim." Lastly, Kossoff complains that the Court overlooked controlling law when it failed to dismiss the Trustee's unjust enrichment claim based on the existence of a valid and enforceable written contract governing the particular subject of this case.

Kossoff's Motion to Reconsider constitutes a request for an impermissible "do-over" of his Rule 12(c) Motion, and he "has failed to provide this Court with any analysis or case law that warrants" revisiting the Court's February 16 Order. *See In re Lynch*, Case No. 15-74795, 2018 WL 6132504, at * 5 (Bankr. E.D.N.Y. Nov. 20, 2018).

Kossoff's argument that the Court overlooked "controlling and dispositive appellate precedent" is contradicted by the record. During the February 15 oral argument on the Rule 12(c) Motion, the Court heard argument and discussed with the parties the Kossoff Defendants' § 550(a)(1) liability with specific reference to both *Bonded* and *Bullion*. [*See, e.g.,* Hrng. Tr. at 16:4-13 (MR. KOSSOFF: "I'm saying that because it is a motion for judgment on the pleadings that it's evident from the pleadings that Burton Packaging was the [audio interference] and that Burton Packaging benefited from that transfer. And so I'm saying that based upon the foregoing, there's a series of court of appeals -- court of appeals decisions, including *Lowery*, *Bonded*, and *Bullion*, which basically says that under those fact patterns . . . no guarantor liability"); 19:5-9 (THE COURT: The questions I was alluding to are really Mr. Kossoff's contentions, particularly under the *Bonded* and *Lowery* cases and I guess *Bullion Reserve*, with respect to the availability of fraudulent transfer relief as against him, where the direct transferee appears to have been Burton Packaging"); 21:4-13 (discussing *Bonded*); 22:9-15 (THE COURT TO MR. KOSSOFF: I have to

6

assume the accuracy of the facts alleged in the complaint. And so it sounds to me like what has been alleged is, in fact, a transaction pattern that squarely fits within *Bonded Financial Services*' wording and analysis of 550(a)(1)"). Reinforcing this conclusion, the Trustee's counsel pointed to a specific factual allegation of a direct transfer to VNB that relieved the Kossoff Defendants of their guaranty obligations, *i.e.* "[t]he debtor transferred those proceeds to VNB -- to pay down the Burton loan." [Hrng. Tr. at 32:23-33:1]. And the Court commented that it had reviewed the complaint and that it "explicitly allege[s], as I read it, a direct transfer by the debtor, which again is Kossoff PLLC, to VNB, which is Valley National Bank." [Hrng. Tr. at 33:8-11]; *see also id.* at 39:24-40:10 (Court's oral ruling stating that *Bonded Financial Services* called "this exact alleged fact pattern a typical example of the type of structure in which Section 550(a)(1) deems a guarantor whose obligations are extinguished to be within the reach of Section 550(a)(1)").

The Court's oral ruling also addressed Kossoff's statute of limitations argument, stating, "I am satisfied that the law supports the use of reliance on the IRS as a triggering creditor," later clarifying that that conclusion was solely addressed to the sufficiency of the pleadings "for purposes of this motion." [Hrng. Tr. at 15:16-18]; *see also id.* at 17:18-24. In fact, with that limitation made explicit, Kossoff responded, "I agree with you, then, Your Honor." [Hrng. Tr. at 17:25]. Lastly, the Court agreed with the Trustee's position that one can plead unjust enrichment in the alternative at the pleading stage and therefore held it to be a viable potential cause of action. [Hrng. Tr. at 42:4-25].

This review of the record readily reveals that Kossoff's Motion to Reconsider impermissibly rehashes arguments that were already raised, considered, and rejected in the Court's ruling denying Kossoff's Rule 12(c) Motion. The Motion to Reconsider therefore is denied under Rule 9023.

7

### B. Kossoff's Motion to Reconsider Cannot Prevail Under FRCP 60/FRBP 9024

"Courts have found that when a motion brought under Rule 9023 is untimely, it should be evaluated under Rule 9024." *In re Joe's Friendly Serv. & Son, Inc.*, Case Nos. 8-14-70001/70002, Adv. Pro. No. 8-16-8035, 2020 WL 3120288, at *7 (Bankr. E.D.N.Y. June 11, 2020). Rule 9024 incorporates Fed. R. Civ. P. 60. Rule 60(b) "permits a party to seek relief from a "*final* judgment, order, or proceeding. It does not provide for relief from interlocutory orders." *Id*. (emphasis in original); *see also Fennell v. TLB Kent Co.*, 865 F.2d 498, 501 (2d Cir. 1989) ([Federal Rule of Civil Procedure] 60(b) "only applies to the reconsideration of a '*final* judgment, order or proceeding'") (emphasis in original).

The February 16 Order was an interlocutory order because it did not "finally decide[] the underlying claims before the Court in this adversary proceeding or end[] the decision-making process with respect to those claims." *In re Windstream Holdings, Inc.*, Case No. 19-22312, 2020 WL 833809, at *1 (Bankr. S.D.N.Y. Feb. 19, 2020) (citing *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, --- U.S. ---, 140 S.Ct. 582, 205 L.Ed. 2d 419, 424, 2020 U.S. LEXIS 526 (2020) ("Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case")). Kossoff simply ignores that the February 16 Order is interlocutory despite earlier discussion during the February 15 hearing when Kossoff orally moved to stay the adversary proceeding for the stated purpose of appealing the Court's ruling. [Hrng. Tr. at 43:11-13]. The Court responded by stating, "[y]ou can make that request in writing. My immediate reaction is that denials of motions to dismiss, including for judgment on the pleadings, are not immediately appealable. They are interlocutory orders. And so for that reason, my view is that there is no basis for such an appeal to proceed." [Hrng. Tr. at 43:14-19]. The Court further

8

*sua sponte* determined that the statutory requirements for leave to immediately appeal an interlocutory order were not met here. [Hrng. Tr. at 43:20-44:5 (applying 28 U.S.C. § 1292(b)].

Thus, the Court has already determined that its denial of Kossoff's Rule 12(c) Motion was interlocutory and not a final order, and Kossoff's Motion to Reconsider does not contend that this conclusion was erroneous. This review precludes any possibility of granting the Motion to Reconsider under Rule 60(b). *See In re Signature Apparel Group LLC*, 577 B.R. 54, 97 (Bankr. S.D.N.Y. 2017) (denying motion to reconsider interlocutory order because "Rule 60(b) is limited to providing relief from a 'final judgment, order or proceeding.'") (citing *Luv n'Care, Ltd. v. Regent Baby Prods. Corp.*, 986 F. Supp. 2d 400, 411 (S.D.N.Y. 2013) (denying motion for reconsideration under Rule 60(b) because partial summary judgment is interlocutory in nature)).

Kossoff's Motion to Reconsider therefore is denied under Bankruptcy Rule 9024.

### C. Kossoff's Alternative Motion for Summary Judgment Is Denied Under Rule 7056/Local Bankruptcy Rule 7056.1

Alternatively, Kossoff moves for summary judgment, "partial or otherwise," dismissing the Trustee's complaint as to the Kossoff Defendants. [ECF No. 48]. As stated by the Court during the March 28 hearing, Kossoff's motion for summary judgment is procedurally improper: "I understand you requested [summary judgment] as alternative relief. You didn't have a Rule 7056(1) statement or some other some of the other trappings of a summary judgment briefing. So my inclination on that was to say that that application is not fully and properly submitted, plus premature." [Mar. 28 Hrng. Tr. at 27:1-7]. The Court's reaction was correct, and, to the extent Kossoff advances his Motion to Reconsider as, in the alternative, a request for summary judgment, that motion is denied without prejudice to future motions for summary judgment that comply with relevant rules and that are raised at an appropriate time.

Local Bankruptcy Rule 7056-1 states, in relevant part, that "no party shall file a motion for summary judgment without first seeking a pre-motion conference. The request for a pre-motion conference shall be made by letter, filed with the Court, on the docket of the case, and served on all other parties setting forth the issues to be presented in the motion and the grounds for relief." Kossoff did not seek a pre-motion conference. Moreover, Local Bankruptcy Rule 7056-1(b) requires that "there shall be annexed to the motion a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit the statement shall constitute grounds for denial of the motion." Kossoff did not submit such a statement. Finally, on a motion for summary judgment pursuant to Bankruptcy Rule 7056, the burden is on the movant to establish that there is admissible evidence before the Court authorizing the relief sought and/or a lack of admissible evidence to meet the burden borne by a non-movant. Kossoff failed to meet any of these requirements.

Accordingly, Kossoff's alternative request that his Motion to Reconsider be treated as a motion for summary judgment is denied as procedurally improper, and because, at any rate, there is no basis to afford such relief.

## CONCLUSION

For the above reasons, Kossoff's Motion to Reconsider is denied.

**SO ORDERED.**

Dated: New York, New York
      May 11, 2023

                                              *s/ David S. Jones*
                                              HONORABLE DAVID S. JONES
                                              UNITED STATES BANKRUPTCY JUDGE