UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>KOSSOFF PLLC,<br><br>                           Debtor. | Chapter 7<br><br>Case No: 21-10699 (DSJ) |
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC,<br><br>                           Plaintiff,<br>         v.<br><br>VNB New York LLC, Valley National Bank, Mitchell H. Kossoff, and Pamela Kossoff, in her capacity as Executor of the Estate of Phyllis Kossoff,<br><br>                         Defendants. | Adv. Pro. No. 22-01113 (DSJ) |
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC,<br><br>                           Plaintiff,<br>         v.<br><br>Roc Le Triomphe Associates LLC, Hampton Management Co., LLC, and Mitchell H. Kossoff<br><br>                         Defendants. | Adv. Pro. No. 22-01158 (DSJ) |

**OPINION AND ORDER GRANTING TRUSTEE'S MOTIONS TO DISMISS CLAIMS AGAINST MITCHELL AND PHYLLIS KOSSOFF, OR, IN THE ALTERNATIVE, PROVIDING INDICATIVE RULING THAT THIS COURT WOULD GRANT DISMISSAL IF THE MATTER WERE REMANDED FROM A PENDING <u>INTERLOCUTORY APPEAL OF A PRIOR ORDER</u>**

**APPEARANCES:**

TOGUT, SEGAL & SEGAL
*Counsel for the Trustee Albert Togut, not individually but in his capacity as Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119

1

By:   Neil Berger
       Minta Nester,
       Jonathan Samper

MORITT HOCK & HAMROFF LLP
*Counsel for Pamela Kossoff, in her capacity as Executor of the Estate of Phyllis Kossoff*
1407 Broadway, 39th Floor
New York, New York 10018
By:   Ira Zaroff

400 Garden City Plaza
Garden City, New York 11530
By:   Leslie Ann Berkoff

Mitchell Kossoff
*Pro Se*

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

      Before the Court are substantively identical motions of the Chapter 7 Trustee, Albert Togut (the "Trustee"), to dismiss two adversary proceedings pursuant to section 105(a) of title 11 of the United States Code, Rule 41(a)(2) of the Federal Rules of Civil Procedure, and Rule 7041 of the Federal Rules of Bankruptcy Procedure, as against some but not all defendants, specifically, Mitchell Kossoff ("Mr. Kossoff") (for whom the Trustee proposes dismissal with prejudice) and the since-deceased Phyllis Kossoff, now represented by the executor of her estate, Pamela Kossoff, without prejudice (collectively, the "Motion") [Adv. No. 22-01158, ECF No. 165; Adv. No. 22-01113, ECF No. 168]. Mr. Kossoff opposes dismissal or, in the alternative, urges that any dismissal order include an express condition that would allow him to continue to prosecute an interlocutory appeal from an earlier order of this Court; that appeal is in its early stages in the Second Circuit following the District Court's affirmance of this Court's prior decision. The Trustee argues that the Court should defer to the Trustee's judgment that dismissal is in the best interests of creditors and the estate and would leave him best able to pursue

2

effective relief for creditors. This is logical and practical because the Trustee has now reached settlements with the adversary proceedings' other defendants, is unlikely to recover more through these actions because Mr. Kossoff appears to be judgment-proof, and can pursue relief from Phyllis Kossoff's estate in the Surrogate's Court of the State of New York.

The issue that most troubles the Court in deciding this motion is whether this Court has been divested of jurisdiction over this matter by virtue of the appeal Mr. Kossoff is pursuing from the Court's earlier decision. The Court concludes it has not been divested of jurisdiction, and therefore GRANTS the Motion. In the alternative, to the extent the Court is incorrect about whether it has been divested of jurisdiction, this opinion and order serves as an indicative ruling that, were the matter remanded to this Court, it would grant the Trustee's request for voluntary dismissal of both actions as to both affected defendants under Fed. R. Civ. P. 41(a)(2), notwithstanding Mr. Kossoff's objection.

## BACKGROUND

This Opinion and Order provides only such background as is pertinent to this decision.

Mr. Togut is the Trustee in the Chapter 7 bankruptcy liquidation of a now-failed law firm, Kossoff PLLC. Before it failed, that firm was run by Mr. Kossoff. Mr. Kossoff misappropriated millions of dollars in client funds, for which he has been disbarred and has pled guilty to criminal charges, on which he is now imprisoned. Upon the discovery of his theft, his firm rapidly failed, leaving numerous creditors in his wake. *See generally In re Kossoff PLLC*, 667 B.R. 405, 412 (Bankr. S.D.N.Y. 2025).

The Trustee is faced with the challenging task of tracing funds and recovering avoidable transfers and preferences for the benefit of the Kossoff PLLC estate and its creditors. As part of that effort, he investigated the firm's financial history and affairs, and commenced numerous

adversary proceedings seeking to avoid transfers to enable the estate to partly compensate victims of Mr. Kossoff's misappropriations and any other creditors of his firm. *See id.* The defendants in those actions vary, typically depending on who was involved in a given transfer. Mr. Kossoff is a defendant in both of the above-captioned adversary proceedings that are subject to this Motion, while Phyllis Kossoff was a defendant in one prior to her death, with the claims against her now being defended by her estate.

An important issue in many of the Trustee's adversary proceedings is how far back the Trustee's recovery efforts can go – in other words, when is the earliest transfer whose recovery is not time-barred. Mr. Kossoff, who is a defendant in a subset of the adversary proceedings and who faces substantial possible claims by other defendants if payments they received are avoided, energetically argued for a more recent cutoff date, while the Trustee argued that he could reach back much earlier by using the Internal Revenue Service as a "triggering creditor" under 11 U.S.C. § 544(b)(1). *See id.* at 411–12.

Because this issue had substantial importance for many of the Trustee's cases, the Court directed that the issue would be addressed in a coordinated manner through one motion, on which all parties in interest could be heard. Mr. Kossoff was the most active proponent of a later cutoff point. Ultimately, the Court ruled that the IRS qualified as a triggering creditor under section 544(b)(1), with the practical result that the Trustee's efforts to avoid earlier transfers are not time-barred. The Court ruled in favor of the Trustee on this issue in a non-case-dispositive albeit important decision, with the affected adversary proceedings to continue toward resolution informed by that decision's resolution of common time-bar issues. *Id.* at 412.

Mr. Kossoff appealed the Court's timeliness decision in his role as a defendant in the two adversary proceedings from which the Trustee now seeks to dismiss him and also as an

4

intervenor in Adv. No. 22-01141. The District Court affirmed, and Mr. Kossoff now has noticed an appeal to the Second Circuit of the District Court's affirmance of this Court's earlier ruling with respect to the IRS as a "triggering creditor." *See In re Kossoff PLLC*, No. 25 CIV. 2296 (KPF), 2026 WL 26120 (S.D.N.Y. Jan. 5, 2026), *appeal filed* No. 26-229 (2d Cir. Feb. 3, 2026).

The Trustee achieved settlements from other defendants. *See* Adv. No. 22-01158, ECF No. 169 (stipulation dismissing adversary proceeding against Roc Le Triomphe Associates, LLC and Hampton Management Co., LLC with prejudice); Adv. No. 22-01113, ECF No. 83 (order approving stipulations settling adversary claims). Thereafter, on June 4, 2025, the Trustee moved to dismiss claims against Mr. Kossoff in both of the above-referenced adversary proceedings with prejudice, and moved to dismiss claims against the Estate of Phyllis Kossoff without prejudice in the one case in which she was a defendant, explaining that the Trustee expected to resolve issues involving Phyllis Kossoff's estate in her state-court estate proceedings, but wished to preserve the ability to resume litigating later if efforts in state court failed. *See* Adv. No. 22-01158, ECF No. 165; Adv. No. 22-01113, ECF No. 168. Mr. Kossoff, who is proceeding *pro se* and is incarcerated, filed opposition in a June 18 letter that was docketed on June 23 along with a transmittal letter. *See* Adv. No. 22-01158, ECF No. 173; Adv. No. 22-01113, ECF No. 174. The Estate of Phyllis Kossoff did not file a response. Thereafter, the Trustee stated in a letter dated June 26, 2025, that he would agree to stay the application pending resolution of the then-pending appeal to the District Court, *see* Adv. No. 22-01158, ECF No. 174; Adv. No. 22-01113, ECF No. 175, and this Court on July 17, 2025, entered an order staying the proceedings pending the appeal. *See* Adv. No. 22-01158, ECF No. 177; Adv. No. 22-01113, ECF No. 181.

After the District Court affirmed this Court's decision regarding the viability of the IRS as a triggering creditor, the Trustee renewed his request to dismiss claims against Mr. Kossoff

5

and the Estate of Phyllis Kossoff. *See* Adv. No. 22-01158, ECF No. 179; Adv. No. 22-01113, ECF No. 199. The Court scheduled a hearing and arranged for Mr. Kossoff to appear. *See* Adv. No. 22-01158, ECF No. 180; Adv. No. 22-01113, ECF No. 200.

The Court heard argument on February 18, 2026, with Mr. Kossoff appearing on his own behalf, and counsel for the Estate of Phyllis Kossoff attending and being heard, as was counsel for the Trustee. The Court reserved decision.

## JURISDICTION

But for the possible divestiture of this Court's jurisdiction by virtue of the pending appeal, which is discussed below, this Court has jurisdiction over the Chapter 7 case and these adversary proceedings pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (H), and (O).

As to whether this Court has been divested of jurisdiction by virtue of the pending appeal from its earlier interlocutory order, the general rule is that the filing of a notice of appeal "confers jurisdiction on the [appellate court] and divests the [trial] court of control over those aspects of the case involved in the appeal." *United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir. 1996) (quotation marks omitted); *see also Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners,* 55 F. Supp. 2d 231, 233 (S.D.N.Y. 1999). Trial-level courts can "enforce [a] judgment" (although they cannot "expand upon or alter it") while it is being appealed, *Dicola v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. (In re Prudential Lines, Inc.) ("Prudential Lines")*, 170 B.R. 222, 243 (S.D.N.Y. 1994), but the "lower court may take no action which interferes with the appeal process or with the jurisdiction of the appellate court." *Id.* Courts have jurisdiction to continue to administer the cases before them, and courts recognize that it is critical that courts

6

maintain their ability to direct and administer proceedings involving bankruptcy estates notwithstanding the pendency of an appeal. *See In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 679 (Bankr. S.D.N.Y. 2016) ("During the pendency of an appeal of a bankruptcy court order, however, the bankruptcy court is not divested of jurisdiction to enforce or implement the order being appealed, nor is the bankruptcy court divested of jurisdiction 'to decide issues and proceedings different from and collateral to those involved in the appeal.'") (quoting *In re Bd. Of Dirs. of Hopewell Int'l Ins. Ltd.,* 258 B.R. 580, 583 (Bankr. S.D.N.Y. 2001); citing *Prudential Lines*, 170 B.R. at 243).

Because this Court's decision did not dispose of the adversary proceedings in which it was entered, there are aspects of the affected adversary proceedings and the main bankruptcy case that remained pending in this Court and that were not the subject of the appeal. No stay was entered at the time of Mr. Kossoff's appeal, which focuses on the important but discrete question of whether the IRS qualifies as a triggering creditor under Bankruptcy Code section 544(b)(1). It is thus clear that, to some extent, this Court maintained jurisdiction and the ability to direct further proceedings during the pendency of the appeal.

Nevertheless, the Court must weigh the possibility that the dismissal of claims against Mitchell and Phyllis Kossoff would "interfere[] with the appeal process or with the jurisdiction of the appellate court." *Prudential Lines*, 170 B.R. at 243. The Court entered an order on February 17, 2026, identifying this question and encouraging counsel to be prepared to discuss it during the hearing on February 18. *See* Adv. No. 22-01158, ECF No. 181; Adv. No. 22-01113, ECF No. 202.

During the hearing, counsel for the Trustee did not disavow the possibility that the Trustee might contend that Mr. Kossoff would lack standing to pursue his appeal if the adversary

7

proceedings were dismissed as against him, although counsel did note that Mr. Kossoff contends he also has standing to appeal as an intervenor in another adversary proceeding that is not subject to the Motion now before the Court. *See* Hr. Tr. 23:2-20, Feb. 18, 2026 ("Feb. 18 Hr. Tr.") [Adv. No. 22-01158, ECF No. 183; Adv. No. 22-01113, ECF No. 205]; Decision and Order Granting Permissive Intervention Mot., Adv. No. 22-01141, ECF No. 90. Meanwhile, Mr. Kossoff argued that the claims against him should not be dismissed so as to ensure that he does not lose appellate standing, or, in the alternative, that the Court should condition the dismissal of the claims against him on some mechanism to allow him to continue to pursue the appeal, or to allow the case's reinstatement in the event his appeal succeeds. *See* Feb. 18 Hr. Tr. 26:15-27:24.

The Trustee emphasized that it is his duty to exercise his professional judgment, take actions be believes are beneficial for creditors and the estate, and *not* take actions that would entail expense while accomplishing nothing. *See id.* 24:5-25:2. The Trustee observes that the Court clearly retains jurisdiction over the many ongoing adversary proceedings the Trustee commenced, in which the Trustee's pursuit of remedies against many defendants is ongoing and active. *See id.* 18:23-21:9. And the Trustee further observes that his continued efforts on behalf of the estate necessarily encompasses the ability to make strategic decisions including as to when it no longer makes sense to pursue claims. *See id.* 25:5-11; Declaration of Neil Berger ("Berger Decl.") ¶¶ 6–9 [Adv. No. 22-01158, ECF No. 165-1; Adv. No. 22-01113, ECF No. 168-1]. For these reasons, the Trustee contends that the proposed dismissal is not a matter as to which the Court has been divested of jurisdiction, nor is it even a matter that could improperly "interfere" with the Circuit's jurisdiction over Mr. Kossoff's appeal of the earlier interlocutory decision.

The Court concludes that dismissing claims against Mr. Kossoff (and Phyllis Kossoff's estate) remains within the Court's jurisdiction, and that the Court's ability to do so has not been

8

divested in favor of the appellate courts. First, the mere act of dismissing the two adversary proceedings that are subject to the Motion does not appear to preclude Mr. Kossoff from pursuing his appeal of the Court's interlocutory decision because his appeal is based not just on his status as a defendant in the two cases from which the Trustee now seeks to dismiss him, but also on his status as an intervenor in a third case that is not subject to the Trustee's Motion. *See* Adv. No. 22-01141. It thus appears to the Court that the dismissal of claims against Mr. Kossoff in two adversary proceedings would not "interfere" with the appellate courts' jurisdiction or ability to review the Court's earlier interlocutory decision (which was entered in multiple cases, not just the two adversary proceedings in which this Motion is brought). And the Trustee clearly is correct that this Court retains authority to administer the bankruptcy estate and to manage aspects of the cases that are not presently up on appeal. *Bd. Of Directors of Hopewell Int'l Ins. Ltd.,* 258 B.R. at 583; *Prudential Lines*, 170 B.R. at 243.

To the extent the Court's assessment is erroneous, this opinion serves as the Court's "indicative ruling" as to what it would do in the event the case were remanded, namely, that it would grant the Trustee's Motion to dismiss claims against Mr. Kossoff with prejudice, and to dismiss claims against the Estate of Phyllis Kossoff without prejudice. *See* Fed. R. App. P. 12(a).

## DISCUSSION

But for the jurisdictional issues presented, the Court easily concludes that dismissal is appropriate pursuant to Fed. R. Civ. P. 41(a)(2), made applicable here by Bankruptcy Rule 7041.

Federal Rule of Civil Procedure 41(a)(2) provides that, in the absence of an agreement by all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Rule thus vests the Court with authority to determine both whether dismissal is appropriate and under what conditions it should

9

proceed. As courts in this Circuit have long recognized, "[t]he grant or denial of a dismissal on motion under Rule 41(a)(2) is within the sound discretion of the trial court." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016) (quotations omitted). Unless the order provides otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.*

As to Mr. Kossoff, the Trustee proposes a dismissal *with* prejudice, which eliminates the concerns that animate those decisions that impose conditions on a voluntary dismissal, or, more rarely, that deny a dismissal. *See Camili v. Grimes*, 426 F.3d 120, 123 (2d Cir. 2006) ("[W]here no possibility of relitigation at the instance solely of the plaintiff exists, the *Zagano* factors have little, if any, relevance."); *see also id.* (discussing the *Zagano* factors, *i.e.*, the test for dismissal without prejudice, which include "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.") (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

The proposed dismissal with prejudice leaves Mr. Kossoff with no risk that the Trustee's claims against him based on these transactions will be revived. This reality means that Mr. Kossoff is not at risk of the types of prejudice that are the focus of the *Zagano* factors, which generally protect defendants from potentially unfair future resumption of litigation against them or from other vexatious plaintiff conduct. This is confirmed by a more detailed review of the *Zagano* factors. First, the Trustee exhibited diligence by moving reasonably promptly once he achieved settlements with other defendants, while also respecting this Court's earlier stay pending resolution of Mr. Kossoff's initial appeal to the District Court. Second, the Trustee has not exhibited "undue vexatiousness," but rather diligence and a reasoned effort to pursue these

10

cases so long as they would benefit creditors and the estate, while seeking to discontinue further efforts that would prove unfruitful and likely expensive and resource-consuming. Third, the suit, although old, has not caused Mr. Kossoff to incur great expense or to take extensive efforts that would be lost due to a dismissal; he has not retained experts and his main activity in the case has been to pursue his theory that the IRS is not a triggering creditor, which he appears likely to be able to continue to do based on his status as an intervenor in a third adversary proceeding. Fourth, the proposed dismissal with prejudice means Mr. Kossoff is not at risk of "duplicative litigation expense" due to future relitigation.

Fifth, and finally, the plaintiff has provided an abundantly sensible, clear, and non-objectionable explanation for the reasons he seeks dismissal now. The Trustee has explained, backed by a sworn declaration of counsel, that the Trustee has determined that continuing to prosecute these actions would serve no purpose, would waste scarce estate resources, and is unlikely to achieve any recovery or benefit for creditors or the estate, regardless of the outcome of the appeal. *See* Feb. 18 Hr. Tr. 36:2-8; Berger Decl. ¶¶ 6–9. Further, the cases have served their purpose as the Trustee has realized substantial recoveries from other defendants in the same actions, the claims against Mr. Kossoff in the Trustee's view are essentially certain not to yield additional recoveries, and the Trustee believes he can pursue relief from Phyllis Kossoff's estate in her estate proceedings at least as well as in this Court. *See* Feb. 18 Hr. Tr. 24:12-25:2.

Further, as the Trustee observes, courts extend considerable deference to these sorts of judgments by Chapter 7 trustees. *See, e.g.*, *Stein v. Stubbs (In re Stubbs)*, 565 B.R. 115, 128 (B.A.P. 6th Cir. 2017) ("Bankruptcy courts must, of course, adjudicate all necessary legal determinations within their jurisdiction, but defer to the legally valid, discretionary administrative decisions of Chapter 7 trustees as authorized under 11 U.S.C. § 704."); *In re*

11

*Interiors of Yesterday, LLC*, No. 02-30563LMW, 2007 WL 419646, at *3–4 (Bankr. D. Conn. Feb. 2, 2007) (noting trustee's opinion that administration of chapter 7 case would not benefit creditors should be afforded deference on trustee's motion to dismiss chapter 7 case) (citing cases); *In re Balco Equities Ltd., Inc.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) (concluding chapter 7 trustee could reject executory contract "provided that the rejection would benefit the estate, a decision that resides with the Trustee in his business judgment").

Finally, a contrary conclusion would be incongruous and misguided. Mr. Kossoff's criminal misconduct has victimized innumerable people and businesses that now find themselves creditors hoping to achieve a recovery through the Trustee's efforts. The Trustee has worked diligently toward that end, hampered by low cash on hand and the challenging task of untangling complex financial dealings over an extended time. The Trustee is doing exactly what he is charged to do, namely, pursue recoveries where they can be achieved while making informed judgments about when it would not be productive to expend further time and expense pursuing additional litigation avenues. And, the Trustee has concluded that it would be counterproductive, meaning against the interest of creditors and the estate, for the Trustee to continue his pursuit of these two adversary proceedings. Mr. Kossoff's position amounts to a demand that the Trustee continue to expend resources to keep alive two lawsuits that have achieved the Trustee's purposes, for the sole reason that Mr. Kossoff wants to eliminate any possible risk that he might lose his standing to pursue an appeal in light of his fear that he could face collateral consequences from the Trustee's recoveries against others through the Trustee's avoidance actions. That demand amounts to a call that this Court keep alive cases that the Trustee wants to end so that Mr. Kossoff can more confidently pursue his appeal to the Second Circuit even

though that ruling would be a mere advisory opinion in these two cases. Nothing in Rule 41 requires such a result.

## CONCLUSION

The Court GRANTS the Trustee's Motion pursuant to 11 U.S.C. § 105(a), Fed R. Civ. P. 41(a)(2), and Fed. R. Bankr. P. 7041, and dismisses the above-captioned adversary proceedings against Mr. Kossoff with prejudice and against Phyllis Kossoff without prejudice. Mr. Kossoff's objections to the Motion are overruled. The Clerk of Court is directed to close the above-captioned adversary proceedings. In the alternative and to the extent the pending appeal deprives this Court of authority to do so outright, the Court deems this the Court's indicative ruling pursuant to Fed. R. App. P. 12(a). The parties are to bear their own fees and expenses. The Court retains exclusive jurisdiction to enforce this opinion and order and to adjudicate any disputes that may arise from its implementation and interpretation. The Court will mail a copy of this order to Mr. Kossoff at his address of record, presently at Groveland Correctional Facility.

The Court intends this opinion and order to be self-effectuating, meaning that the Court believes no separate order need be entered to memorialize and implement it. The time to appeal from it will commence on the date of entry of this opinion and order. If the Trustee believes a separate order is required, it may submit a proposed order on or before March 6, 2026.

IT IS SO ORDERED.

Dated: New York, New York　　　　　　　*s/ David S. Jones*
　　　　February 27, 2026　　　　　　　HONORABLE DAVID S. JONES
　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

13